IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TEDDY F. BEDONIE Individually and
LOUISE LEE BEDONIE, Husband and Wife,

    Plaintiffs,

vs.                              No. 1:10-CV-248 JH/RLP

SONNY SINGH and GURMAIL SINGH, Individually and as
Owners of FIVE STAR HOTELS LIMITED LIABILTY COMPANY
d/b/a Holiday Inn Express, TM SUNDARAM, PRAKASH SUNDARAM
and RADHA SUNDARAM, Individually and as Owners of FIVE STARS
HOSPITALITY, INC. d/b/a Holiday Inn Express, TM SUNDARAM,
PRAKASH SUNDARAM and RADHA SUNDARAM, Individually
and as Owners of TOTAL MANAGEMENT SYSTEMS, INC.
d/b/a Holiday Inn Express, JANE AND JOHN DOES 1-10 and
BLACK AND WHITE CORPORATIONS 1-10,

    Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on July 12, 2010 in Albuquerque, New Mexico and was attended by:

Theodore W. Barudin for Plaintiffs

Amy L. Glasser for Defendants TM Sundaram, Prakash Sundaram and Radha Sundaram, Individually and as Owners of Total Management Systems, Inc. d/b/a Holiday Inn Express.

## NATURE OF THE CASE

This is a premises liability claim arising under 28 U.S.C. § 1331(a)(1) and 28 U.S.C. §1332 against the Defendants for the personal injuries of the Plaintiff Teddy Bedonie at the Holiday Inn Express located at 6100 Iliff Road, Albuquerque, New Mexico.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: None at this time.

Plaintiff(s) should be allowed until _____ to move to amend the pleadings and until _____ to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants TM Sundaram, Prakash Sundaram and Radha Sundaram, Individually and as Owners of Total Management Systems, Inc. d/b/a Holiday Inn Express intend to file:  None are anticipated at this time.

Defendants(s) should be allowed until _____ to move to amend the pleadings and until _____ to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties further stipulate and agree that the law governing this case is: 28 U.S.C. § 1331(a)(1) and 28 U.S.C. §1332.

## PLAINTIFF'S CONTENTIONS

Plaintiffs contend that as the owners of the premises and employers of the personnel and employees operating and maintaining the Holiday Inn Express, Defendants had the duty to ensure that such employees were properly trained to maintain the safety and well being of the customers within and without the exterior of the Holiday Inn Express and that such duties were non-delegable in nature. Defendants had the additional non-delegable duty to ensure that their premises were safe from any unsafe or dangerous conditions, including without limitation, persons committing assaults on their hotel guests.

**DEFENDANT'S CONTENTIONS**

Defendants TM Sundaram, Prakash Sundaram and Radha Sundaram, Individually and as Owners of Total Management Systems, Inc. d/b/a Holiday Inn Express deny the plaintiffs' contentions. These defendants further deny that they are liable for the plaintiffs' alleged injuries and damage. These defendants contend that the premises were reasonably safe for the use of hotel guests, including the plaintiff, and that the injuries and damages alleged by the plaintiffs were caused by other party and/or non-party tortfeasors.

**PROVISIONAL DISCOVERY PLAN**

1. Plaintiffs intend to call the following witnesses to testify at the time of trial:

|    | Name and Address | Subject Matter of Testimony |
|----|------------------|------------------------------|
| a. | Teddy and Louise Bedonie<br>c/o Theodore W. Barudin, Esq.<br>7900 Menaul Blvd. NE<br>Albuquerque, NM 87110 | Plaintiffs have knowledge of the circumstances, injury, treatment and care received by Teddy Bedonie. In addition, Plaintiffs have knowledge of how the ongoing injury has affected their lives. |
| b. | Officer Patrick Ficke<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102 | Officer Ficke has knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident. In addition, this witness may have knowledge and information as to prior calls received or involving the Holiday Inn Express location that is subject to the instant suit. |
| c. | Officer Mandi Miller<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102 | Officer Miller has knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident. In addition, this witness may have knowledge and information as to prior calls received or involving the Holiday Inn Express location that is subject to the instant suit. |
| d. | Officer B. Berrios<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102 | Officer Berrios has knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident. In addition, this witness may have knowledge and information as to prior calls received or involving the Holiday Inn Express location that is subject to the instant suit. |
| e. | Officer B. Werely<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102 | Officer Werely has knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident. In addition, this witness may have knowledge and information as to |

|    |    |    |
|----|----|----|
|    |    | prior calls received or involving the Holiday Inn Express location that is subject to the instant suit. |
| f. | Acting Sergeant Luis Zamarron<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102 | Acting Sergeant Zamarron has knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident. In addition, this witness may have knowledge and information as to prior calls received or involving the Holiday Inn Express location that is subject to the instant suit. |
| g. | Officer A. Perea<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102 | Officer Pereas has knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident. In addition, this witness may have knowledge and information as to prior calls received or involving the Holiday Inn Express location that is subject to the instant suit. |
| h. | Officer J. Perez<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102 | Officer Perez has knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident. In addition, this witness may have knowledge and information as to prior calls received or involving the Holiday Inn Express location that is subject to the instant suit. |
| i. | Officer L. Kelly<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102 | Officer Kelly has knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident. In addition, this witness may have knowledge and information as to prior calls received or involving the Holiday Inn Express location that is subject to the instant suit. |
| j. | Detective Mueller, Badge No. 2458<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102 | Detective has knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident. In addition, this witness may have knowledge and information as to prior calls received or involving the Holiday Inn Express location that is subject to the instant suit. |
| k. | Christopher Gomez (Witness)<br>2114 E. Sunland Avenue<br>Phoenix, Arizona 85040<br>(602 )616-5354 | Mr. Gomez has knowledge and information as to the shooting involving Teddy Bedonie on the night of the incident. |
| l. | James F. Davis (Witness)<br>520 N. Victoria Park Road<br>Ft. Lauderdale, Florida 33301<br>(954) 981-4545 | Mr. Davis has knowledge and information as to the shooting involving Teddy Bedonie on the night of the incident. |
| m. | Chris Brown (Witness)<br>3144 Woodward Blvd.<br>Tulsa, Oklahoma 74105<br>(918) 712-8953 | Mr. Brown has knowledge and information as to the shooting involving Teddy Bedonie on the night of the incident. |
| n. | Erik Krauss (Witness) | Mr. Krauss has knowledge and information as to the |

4

|    |                                                                                              |                                                                                                                                  |
|----|----------------------------------------------------------------------------------------------|----------------------------------------------------------------------------------------------------------------------------------|
|    | 149 S. Hamblin Street<br>(440) 527-3034                                                      | shooting involving Teddy Bedonie on the night of the incident.                                                                   |
| o. | Stanley Collier (Witness)<br>2612 S. Glenn Avenue<br>(405) 670-6094                          | Mr. Collier has knowledge and information as to the shooting involving Teddy Bedonie on the night of the incident.               |
| p. | Holiday Inn Express Hotel<br>Manager John Romero<br>c/o Holiday Inn Express                  | Manager Romero has knowledge and information as to the shooting involving Teddy Bedonie on the night of the incident.            |
| q. | Front desk employee Rebecca<br>(Unknown last name)<br>c/o Holiday Inn Express                | Employee Rebecca (Unknown last name) has knowledge and information as to the shooting involving Teddy Bedonie on the night of the incident. |
| r. | Transporting employees of Albuquerque Ambulance                                              | The transporting employees of Albuquerque Ambulance have knowledge and information of the care and treatment provided to Teddy Bedonie. |
| s. | James T. Wilkie, M.D.<br>c/o Presbyterian Hospital<br>1100 Central Avenue SE<br>Albuquerque, NM 87106 | Dr. Wilkie has knowledge of the care and treatment provided to Teddy Bedonie upon his arrival at Presbyterian Hospital.           |
| t. | Medical Staff of Tuba City IHS<br>Post Office Box 600<br>Tuba City, Arizona 86045            | The staff of Tuba City IHS have knowledge of the aftercare treatment provided to Teddy Bedonie following his injury in New Mexico. |

      u.    Plaintiffs may call any other witness identified through discovery

      v.    Plaintiffs may call any other witness as identified by Defendant including all expert witnesses.

2. Plaintiffs intend to call the following expert witnesses to testify at the time of trial:

      a.    None at this time-This disclosure will be timely filed per order of the Court.

      b.    Plaintiffs may call any other witness identified through discovery;

      c.    Plaintiffs may call any other witness as identified by Defendant including all expert witnesses and any rebuttal witnesses as may be required.

3. Defendants may call the following witnesses to testify at the time of trial:

|    | Name and Address                                                       | Subject Matter of Testimony                                                                                              |
|----|------------------------------------------------------------------------|--------------------------------------------------------------------------------------------------------------------------|
| a. | TM Sundaram<br>c/o Potts & Associates<br>6001 Indian School Rd. NE #100 | Defendant TM Sundaram would testify as to his role, duties and responsibilities in regard to ownership of Five Star Hospitalities and Total |

5

|    |                                                                                                     |                                                                                                                                                                                                                                                                                                                                                      |
|----|-----------------------------------------------------------------------------------------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    | Albuquerque, NM 87110<br>(505) 889-5252                                                             | Management and the safety measures and systems in place at the time of the incident. This witness may have knowledge and information about prior incidents of criminal activity at the hotel and may have knowledge about the subject incident about which he may offer testimony.                                                                   |
| b. | Prakash Sundaram<br>c/o Potts & Associates<br>6001 Indian School Rd. NE #100<br>Albuquerque, NM 87110<br>(505) 889-5252 | Defendant Prakash Sundaram would testify as to his role, duties and responsibilities in regard to ownership of Five Star Hospitalities and Total Management and the safety measures and systems in place at the time of the incident. This witness may have knowledge and information about prior incidents of criminal activity at the hotel and may have knowledge about the subject incident about which he may offer testimony. |
| c. | Radha Sundaram<br>c/o Potts & Associates<br>6001 Indian School Rd. NE #100<br>Albuquerque, NM 87110<br>(505) 889-5252 | Defendant Radha Sundaram would testify as to her role, duties and responsibilities in regard to ownership of Five Star Hospitalities and Total Management and the safety measures and systems in place at the time of the incident. This witness may have knowledge and information about prior incidents of criminal activity at the hotel and may have knowledge about the subject incident about which she may offer testimony. |
| d. | John Romero<br>Current Address Unknown                                                              | Mr. Romero was the desk clerk on duty at the time of the incident. Mr. Romero would be expected to testify about his knowledge of and information regarding the incident.                                                                                                                                                                             |
| e. | Officer Patrick Ficke<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102        | Officer Ficke may offer testimony regarding his knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident.                                                                                                                                                                               |
| f. | Officer Mandi Miller<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102         | Officer Miller may offer testimony regarding her knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident.                                                                                                                                                                              |
| g. | Officer B. Berrios<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102           | Officer Berrios may offer testimony regarding his knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident                                                                                                                                                                              |
| h. | Officer B. Werely<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102            | Officer Werely may offer testimony regarding his knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident.                                                                                                                                                                              |
| i. | Acting Sergeant Luis Zamarron<br>c/o Albuquerque Police Dept.                                       | Acting Sergeant Zamarron may offer testimony regarding his knowledge and information as to the                                                                                                                                                                                                                                                        |

6

|    |                                                                                                                  |                                                                                                                                                                                                                 |
|----|------------------------------------------------------------------------------------------------------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    | 400 Roma NW<br>Albuquerque, NM 87102                                                                             | investigation of the shooting involving Teddy Bedonie on the night of the incident.                                                                                                                             |
| j. | Officer A. Perea<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102                         | Officer Pereas may offer testimony regarding his knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident.                                        |
| k. | Officer J. Perez<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102                         | Officer Perez may offer testimony regarding his knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident.                                         |
| l. | Officer L. Kelly<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102                         | Officer Kelly may offer testimony regarding his knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident.                                         |
| m. | Detective Mueller, Badge No. 2458<br>c/o Albuquerque Police Dept.<br>400 Roma NW<br>Albuquerque, NM 87102        | Detective may offer testimony regarding his knowledge and information as to the investigation of the shooting involving Teddy Bedonie on the night of the incident.                                             |
| n. | Employees of Holiday Inn Express, to be identified<br>c/o Potts & Associates<br>6001 Indian School Rd. NE #100<br>Albuquerque, NM 87110 | Defendants may call current and/or former employees of Holiday Inn Express who may have information about the subject incident, security measures at the hotel and/or information regarding prior calls to police for incidents at the hotel. |
| o. | Witnesses identified by plaintiffs                                                                               | Defendants reserve the right to call witnesses identified by plaintiffs to testify about the facts and circumstances surrounding the subject incident and condition of the premises at the time of the incident. |
| p. | Witnesses to be identified during discovery                                                                      | Defendants reserve the right call witnesses to testify who may be identified during discovery as having information about the subject incident, security measures at the hotel and/or information regarding prior calls to police for incidents at the hotel. |

    4.    Defendants may call the following expert witnesses to testify at the time of trial:

        a.    Defendants have not yet identified and/or retained expert witnesses. This disclosure will be timely filed in compliance with the Court's Scheduling Order.

**B.**    **DISCLOSURES REQUIRED BY RULE 26(A)(1)(B)**

    Plaintiffs intend to produce the following exhibits to be used at trial:

    a.    Any and all of Teddy Bedonie's medical records and billing statements, invoices, records, and summaries of the medical records and bills.

    b.    Albuquerque Police Reports, photos of the shooting scene and hotel premises, log and run reports of prior criminal activity and police calls to the Defendants' property

    c.    Models depicting anatomy relevant to Teddy Bedonie's injuries.

    d.    Power Point presentations or other similar demonstrative evidence.

    e.    Any exhibit(s) identified by Defendant;

    f.    Any and all audio or video recordings which may be identified throughout discovery.

    g.    Any and all journals, treatises, articles or other authoritative resources which may be referenced or relied upon by treating physicians or expert witnesses.

    h.    Any and all other material which any expert may rely upon in support of their opinion(s) in this case.

    i.    Any other exhibit(s) that may be identified through discovery

Defendants may seek to introduce the following exhibits to be used at trial:

    1.    State of New Mexico Uniform Incident Report, Supplemental Reports, and Witness Statements.

    2.    Photographs of scene of incident taken during police investigation of shooting.

    3.    Photographs of hotel and surrounding areas, including but not limited to the hotel building, parking lots, fencing, lighting, neighboring businesses and adjacent roads.

    4.    Belt tapes and/or other audio recording which may be identified during discovery.

    5.    Any and all journals, treatises, articles or other authoritative resources that may be referenced or relied upon by expert witnesses.

    6.    Any and all other material which any expert may rely upon in support of their opinion(s) in this case.

7. Any other exhibits which may be identified during discovery.

Discovery will be needed on the following subjects: Liability and Damages

Maximum of _____ interrogatories by each party to any other party. (Responses due \_\_\_ days after service).

Maximum of _____ requests for admission by each party to any other party. (Response due _____ days after service).

Maximum of _____ depositions by Plaintiff(s) and _____ by Defendant(s).

Each deposition (other than of _____) limited to maximum of _____ hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by _____

from Defendant(s) by _____

Supplementation under Rule 26(e) due _____ *(set time(s) or interval(s)).*

All discovery commenced in time to be complete by _____. Discovery on *(issue for early discovery)* to be completed by _____.

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file: Unknown at this time. Plaintiffs reserve the right to file motions for summary judgment, motions to compel, motions in limine.

Defendants intend to file:   Unknown at this time.  Defendants may file dispositive motions, Daubert motions, motions in limine, and other motions, as necessary.

## ESTIMATED TRIAL TIME

The parties estimate trial will require _____ days/weeks.

____ This is a non-jury case.

X__ This is a jury case.

The parties request a pretrial conference in _____.

## SETTLEMENT

The possibility of settlement in this case is considered (likely) (unlikely) (cannot be evaluated prior to _____) (may be enhanced by use of the following alternative dispute resolution procedure: _____). The parties request a settlement conference in _____. Plaintiffs have filed a settlement demand with defendants on July 7, 2010.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)


                 APPROVED WITH/WITHOUT EXCEPTIONS

                 (note exceptions above)

                 */s/ August 2, 2010*
                 Theodore W. Barudin
                 *Attorneys for Plaintiffs*

                 <u>**/s/ August 2, 2010**</u>
                 Amy L. Glasser
                 *Attorney for Defendants*